| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Hearing Date:  December 5, 2013<br>Hearing Time:  10:00 a.m. |

------------------------------------------------------- x
                                                                                  :
In re                                                                       :    Case No. 13-23254 (RDD)
                                                                                  :
                                                                                  :    (Chapter 11)
EARL SIMMONS,                                                  :
                                                                                  :
                                    Debtor.                         :
------------------------------------------------------- x

## NOTICE OF MOTION

PLEASE TAKE NOTICE that upon this Notice of Motion and the accompanying memorandum of law and the declaration of Greg M. Zipes, Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), will move this Court before the Honorable Robert D. Drain, Bankruptcy Judge, in the United States Bankruptcy Court, 300 Quarropas Street, White Plains, NY 10601 on December 5, 2013 at 10:00 a.m., or as soon thereafter as counsel can be heard, for an order converting the case to one under Chapter 7 of the Bankruptcy Code or dismissing the case (the "Motion"), and for such other and further relief as this Court may deem just and proper. The original application is on file with the Clerk of the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that any responsive papers should be filed with the Court and personally served on the United States Trustee, at 201 Varick Street, Suite 1006, New York, New York 10014, to the attention of Greg M. Zipes, Esq., no later than three (3) days prior to the return date set forth above. Such papers shall conform to the Federal Rules of Civil Procedure and identify the party on whose behalf the papers are submitted, the nature of the

response, and the basis for such response.

Dated: New York, New York
October 18, 2013

                              TRACY HOPE DAVIS
                              UNITED STATES TRUSTEE

                By:    /s/ Greg M. Zipes
                        Greg M. Zipes
                        Trial Attorney
                        201 Varick Street, Suite 1006
                        New York, New York  10014
                        Tel. No. (212) 510-0500

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------- x
                                                                 :

In re                                             :   Case No. 13-23254 (RDD)

EARL SIMMONS,                        :

                      Debtor.           :   (Chapter 11)

---------------------------------------------------------- x

**MEMORANDUM OF LAW IN SUPPORT OF THE UNITED STATES TRUSTEE'S MOTION FOR ORDER CONVERTING THE CASE TO ONE UNDER <u>CHAPTER 7 OF THE BANKRUPTCY CODE OR DISMISSING THE CASE</u>**

TO:    THE HONORABLE ROBERT D. DRAIN,
         UNITED STATES BANKRUPTCY JUDGE:

Tracy Hope Davis, the United States Trustee for Region 2 (the "United States Trustee"), files this motion pursuant to 11 U.S.C. § 1112(b) of the Bankruptcy Code, seeking an order converting the Chapter 11 case of Earl Simmons (the "Debtor") to Chapter 7 of the Bankruptcy Code or dismissing the case (the "Motion"). In support thereof, the United States Trustee represents and alleges as follows:

## INTRODUCTION

The United States Trustee moves to convert the case to one under Chapter 7 of the Bankruptcy Code or dismiss the case. As discussed below, the Debtor has failed to provide information requested by the United States Trustee and failed to attend his creditors' meeting. The Debtor has not provided proof of adequate insurance for his real property and has not provided this Office with copies of his tax returns. Moreover, the Debtor filed pleadings in this case that have obvious inconsistencies regarding his income and assets, rendering it impossible to ascertain his financial affairs and requiring a Chapter 7 trustee or dismissal of the case.

## BACKGROUND

## FACTS

### General Background

1. On July 29, 2013 (the "Filing Date"), the Debtor commenced this Chapter 11 case by filing a voluntary petition with certain schedules. See Zipes Decl. Ex. A. The Debtor is a recording artist and actor. See Zipes Decl. Ex. B (1007 statement) at ¶ 3.

2. The Debtor stated that his principal asset is the real property located at 142 McLain Street, Mount Kisco, New York 10549 (the "Property"). Id. at ¶ 4. The Debtor listed a one half interest in the Property in an unknown value and a lien of $453,702. See Zipes Decl. Ex. C (Schedule A).

3. The Debtor's personal assets are located at "Universal Music Publishing." See Zipes Decl. Ex. B at ¶ 6. The Debtor did not file Schedule A on the Filing Date, but indicated on the first page of his petition that he has assets in the range of $0 to $50,000. See Zipes Decl. Ex. C (first page).

### The United States Trustee's Request for Information

4. By email transmission dated August 6, 2013, the United States Trustee requested basic information about the Debtor's financial affairs, including proof of insurance, proof that a debtor-in-possession checking account was opened and the Debtor's recent financial statements (the "Information Request") See Zipes Decl. Ex D and ¶ 5. The Debtor failed to respond to the Information Request, even after a later deadline of September 18, 2013 was imposed by the United States Trustee and agreed to by the Debtor, as confirmed by a letter from the Debtor to the United States Trustee. Id. at Ex. E and ¶ 5-7.

**The Debtor's Schedules**

5.     On August 14, 2013, the Court entered an order extending the Debtor's time to file complete schedules to September 6, 2013 (Doc. No. 10).  On September 18, 2013, the Debtor filed his remaining schedules of assets and liabilities (the "Schedules"), the means-test form (the "MTR") and statement of financial affairs (the "SOFA").  See Zipes Decl. Ex. F.

6.     The Schedules showed that the Debtor had $50 in cash, and no checking or savings account.  Id. (Schedule B, questions 1 and 2).  The Debtor disclosed $5,000 in monthly income (Schedule I).  However, on the MTR, the Debtor disclosed income of $1,666.66 a month.  See MTR at ¶ 1.  In the SOFA, the Debtor listed income of $10,000 in 2013.  See SOFA at question 1.  The Debtor listed "unknown" income for 2011 and 2012.  Id.

7.     In Schedule B, the Debtor listed "none" for the value of clothing but Schedule J showed $1,000 a month for clothing expenses.

**The Debtor's Failure to Attend His Creditors' Meeting**

8.     The United States Trustee scheduled a creditors' meeting under 11 U.S.C. § 341(a) (the "Creditors' Meeting") to take place on September 25, 2013 at 1:00 p.m.  See Zipes Decl. at ¶ 9.  On September 24, 2013, one day before the Creditors' Meeting, counsel for the United States Trustee contacted the Debtor's counsel to confirm that the Debtor would be present.  Id.  The Debtor's counsel confirmed.  Id.  However, a few minutes before the scheduled start of the Creditors' Meeting, the Debtor's counsel informed counsel to the United States Trustee that the Debtor would not be attending the Creditors' Meeting.  Id.  In fact, the Debtor did not appear at the Creditors' Meeting and the Creditors' Meeting was adjourned sine die.  Id.

**The Debtor's Previous Case**

9. The Debtor filed a previous Chapter 13 case jointly with Tashera J. Simmons (the "Co-Debtor"), Case No. 09-24358 (RDD) (the "Prior Case"). The Debtor's case was dismissed on November 17, 2009 and the Co-Debtor's case was dismissed on December 2, 2009. See Zipes Decl. at ¶ 10.

10. The Court dismissed the Prior Case in part because "Earl Simmons has unreasonably delayed his chapter 13 case to the prejudice of creditors for the purpose of 11 U.S.C. § 1307(c)(1) by not filing his initial chapter 13 schedules within the extended date granted by the Court and otherwise not diligently prosecuting his chapter 13 case." See Zipes Decl. at ¶ 10.

## DISCUSSION

Section 1112(b) of the Bankruptcy Code, as revised under the BAPCPA, provides that on request of a party in interest, and after notice and a hearing, "the Court shall convert a case to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, if the movant establishes cause." 11 U.S.C. § 1112(b)(1)(emphasis added). At least four provisions of Section 1112(b)(4) are implicated in this case.

1. **Failure to Provide Insurance**

Under Section 1112(b)(4)(C) of the Bankruptcy Code, a debtor's "failure to maintain appropriate insurance that poses a risk to the estate or the public" constitutes cause to convert or dismiss a case under Chapter 11. In re GEL, LLC, 495 B.R. 240, 245 (Bankr. E.D.N.Y. 2012) (debtor allowed insurance to lapse). Even when a debtor attempts to demonstrate compliance with the insurance requirement, courts will examine a debtor's proof of insurance to ensure that

the insurance is "adequate" as required under Section 1112(b)(4)(c).  In re Van Eck, 425 B.R. 54, 61 (Bankr. D. Conn. 2010)(citing the inadequacy of the debtor's "proof of insurance" as grounds for conversion or dismissal); id. ("The Debtor must maintain property and liability insurance coverage so that the assets of the bankruptcy estate are protected against loss.").  Here, the Debtor lists real property on Schedule A of his Schedules, see Zipes Decl. Ex. B, but has failed to demonstrate he has insurance for the Property.  Id. Ex. D and ¶¶ 5-7.

      2.     **Failure to Attend Creditors' Meeting**

In the alternative, Section 1112(b)(4)(G) states that cause exists for a court to convert or dismiss a chapter 11 case when the debtor fails "to attend the meeting of creditors convened under section 341(a) . . . without good cause shown by the debtor."  In re Oakland Hills Land Dev., LLC, 10-56463, 2010 WL 5553362 (Bankr. E.D. Mich. June 23, 2010).  The Oakland Hills court noted that the debtor's failure to appear at the 341 meeting was "not only inexcusable; it [was] outrageous," given the fact that debtor's counsel was reminded several times of the first meeting of creditors.  Id.  Likewise, in this case, the United States Trustee reminded and confirmed with debtors counsel the time, date, and location of the 341 meeting as late as the day before the creditor's meeting was to take place in White Plains, New York.  See Zipes Decl. at ¶ 9.

      3.     **Failure to Provide Information**

Under Section 1112(b)(4)(H), the debtor's "failure timely to provide information or attend meetings reasonably requested by the United States trustee" is cause for conversion or dismissal.  In re 347 Linden LLC, 11-CV-1990 KAM, 2011 U.S. Dist. LEXIS 78843, *13 (E.D.N.Y. July 20, 2011) (Chapter 11 case dismissed "for cause based on the debtor's ongoing three month failure to comply with the U.S. Trustee's request for tax returns and documents

regarding the debtor's use of funds to pay the personal expenses of its principal"). Here, the Debtor has failed to provide a single document in response to the United States Trustee's Information Request.

In summary, the Debtor has failed to provide even basic financial information about himself, such as tax returns or financial statements. See Zipes Decl. Exs. D and E, ¶¶ 5-7. The Debtor was unable to disclose his income for 2011 and 2012. See Zipes Decl. Ex. F. It should be noted that the United States Trustee's request for information and documents is routine and should be anticipated by bankruptcy counsel. Yet, the Debtor did not produce even one document in response to the Information Request. See Zipes Decl. at ¶ 7. As the Debtor owns real property, it is important that the Debtor demonstrate that the Property is adequately insured. However, as stated above, the Debtor has not produced any proof of insurance. Id. Ex. D and ¶¶ 5-7.

    **4.**    **Gross Mismanagement**

Finally, gross mismanagement also provides cause for the conversion or dismissal. 11 U.S.C. § 1112(b)(4)(B). In re Gateway Access Solutions, Inc., 374 B.R. 566 (Bankr. M.D. Pa. 2007). As already stated, the Debtor has evaded the United States Trustee requests for information and also failed to appear at the Creditors' Meeting. See Zipes Decl. at ¶ 9.

Moreover, as shown below, the Debtor's filed pleadings are in disarray and are internally inconsistent:

    1.    The Debtor discloses $5,000 in monthly income (Schedule I). However, on the MTR, the Debtor discloses income of $1,666.66 in monthly income. See MTR at ¶ 1.

    2.    The Debtor lists "none" for the value of clothing in Schedule B but Schedule J shows $1,000 a month for clothing expenses. See Zipes Decl. Ex. F.

       3.     The Debtor states that his principal asset is the real property located at 142 McLain Street, Mount Kisco, New York 10549 in the Local Rule affidavit. See Zipes Decl. Ex. B. Yet, in his Schedule B, he lists his main asset as causes of action. See Zipes Decl. Ex. F (Schedule B).

       4.     The Debtor's personal assets are located at "Universal Music Publishing" according to his Local Rule affidavit. See Zipes Decl. Ex. B. Yet, when his Schedules were filed, there was no mention of Universal Music Publishing. See Zipes Decl. Ex. F.

       5.     The Debtor listed "unknown" for 2011 and 2012 in income in his Schedules. Id.

       6.     In the SOFA, the Debtor lists income of $10,000 in 2013. See SOFA at question 1. However, the Debtor's counsel received $20,000 from Debtor funds, according to the Bankruptcy Rule 2016 statement. Left unexplained is how the Debtor paid these legal fees.

The Debtor's Prior Case was dismissed in part because of the Debtor's unreasonable delays, see Zipes Decl. at ¶ 11, a pattern that continues in this case. In summary, the Debtor's actions have eroded the confidence of the Office of the United States Trustee and others that the Debtor will be candid in the disclosure of his assets. Accordingly, the case should be converted to one under Chapter 7 of the Bankruptcy Code or dismissed pursuant to 11 U.S.C. § 1112(b)(4)(B).

## CONCLUSION

**WHEREFORE,** the United States Trustee respectfully requests that this Court enter an order converting the case to one under Chapter 7 or dismissing the case, or grant such other relief as the Court deems just, fair, and equitable.

Dated: New York, New York
      October 18, 2013

                                        Respectfully submitted,

                                        TRACY HOPE DAVIS
                                        UNITED STATES TRUSTEE

**By:**    */s/ Greg M. Zipes*
            Greg M. Zipes, Esq
            Trial Attorney
            201 Varick Street, Suite 1006
            New York, New York  10014
            Tel. (212) 510-0500; Fax (212) 668-2255